UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD GALLEGOS, JR.                                              CIVIL ACTION

VERSUS                                                             NO. 07-3367

SHERIFF JACK STRAIN, ET AL.                                        SECTION: "R"(1)

### REPORT AND RECOMMENDATION

Plaintiff, Richard Gallegos, Jr., a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint against Sheriff Jack Strain, Jr., St. Tammany Parish, and James E. Talley.[1] Plaintiff subsequently amended the complaint to add as defendants the State of Louisiana and "Jane Doe" of the St. Tammany Parish Clerk of Court's Office. A Spears hearing was held on July 19, 2007, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis

---

[1] On the complaint, plaintiff originally listed Assistant District Attorney Bruce Derring as a defendant; however, plaintiff then marked through Derring's name. At the Spears hearing, plaintiff confirmed that he is not at this time asserting a claim against Derring. However, the Court notes that, in any event, absolute prosecutorial immunity would protect Derring from plaintiff's claims. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993). Further, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 (5th Cir. 1999) (internal quotation marks, citation, and footnote omitted), *abrogated on other grounds*, Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003).

of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[2] At that hearing, he was sworn and his testimony was recorded. Based on his complaint, as amended, and the Spears hearing testimony, the Court finds that plaintiff is making the following allegations in this civil action.

In 2004, plaintiff was prosecuted on a charge of driving while intoxicated. In connection with that proceeding, an arrest warrant was issued when he failed to appear. When he appeared the following day, that warrant was recalled. Plaintiff was ultimately convicted on the charge; however, he claims that his public defender, James E. Talley, was ineffective because he failed to adequately pursue an argument that the bill of information should have been quashed as untimely. After plaintiff's conviction, another arrest warrant was issued when he failed to appear for sentencing.

On March 8, 2007, plaintiff was arrested on an unrelated charge. After posting bond on that charge, he was rearrested on March 13, 2007, based on the two warrants from 2004.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>     (1) is frivolous, malicious, or fails to state a claim upon which relief
>     may be granted; or

---

[2] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[3]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

---

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Broadly reading plaintiff's complaint, as amended,[4] and fully considering his Spears hearing testimony, the Court finds that plaintiff's complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and for seeking monetary damages against a defendant who is immune from such relief.

## Sheriff Jack Strain

Claiming that he was falsely arrested on the recalled warrant from 2004, plaintiff has sued Sheriff Jack Strain. Plaintiff's claim against Sheriff Strain fails for several reasons.

First, to the extent that plaintiff is asserting an individual-capacity claim against Sheriff Strain, that claim fails based on his lack of personal involvement in plaintiff's arrest. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). At the Spears hearing, plaintiff candidly admitted that Sheriff Strain was not personally involved in the challenged arrest. Moreover, plaintiff expressly stated that he was suing Sheriff Strain based on *respondeat superior*. That is not permitted in a federal civil rights lawsuit. "Section 1983 does not create supervisory or *respondeat superior* liability." Oliver, 276 F.3d at 742. Simply put, an official cannot be held liable

---

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

Second, to the extent that plaintiff is asserting an official-capacity claim against Sheriff Strain, "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Sheriff Strain would in reality be a claim against the local governmental body itself. However, in order to hold a local governmental body accountable for a constitutional violation, a plaintiff must allege that (1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). Plaintiff does not allege that the purported constitutional violations in this case resulted from an official policy or custom. Therefore, if an official-capacity claim is indeed being asserted, that claim necessarily fails.

Third, in any event, plaintiff's rights were not violated. Plaintiff's claim is one for false arrest. However, at the Spears hearing, plaintiff admitted that, with respect to the arrest he now challenges, his arrest was based on *both* of the 2004 warrants. At the time of that arrest, one of those warrants had been recalled. However, plaintiff testified that the *other* warrant was still in effect, a fact that is fatal to his false arrest claim. The United States Fifth Circuit Court of Appeals has noted:

> The claim for false arrest does not cast its primary focus on the validity of each individual charge; instead, we focus on the validity of the arrest. If there was

5

>  probable cause for any of the charges made ...[,] then the *arrest* was supported by probable cause, and the claim for false arrest fails.

Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (emphasis in original).  Therefore, irrespective of any defects concerning the allegedly recalled warrant, the arrest was nevertheless valid because the second warrant, which plaintiff concedes was still outstanding at time of his arrest, constituted probable cause for that arrest.  See Johnson v. Diaz, Civ. Action No. 92-3720, 1995 WL 491144, at *2 (E.D. La. Aug. 15, 1995); see also United States v. McDonald, 606 F.2d 552, 553-54 (5th Cir. 1979).

### St. Tammany Parish

Plaintiff has also named St. Tammany Parish as a defendant.  However, as previously noted, a local governmental body cannot be held accountable for a constitutional violation unless (1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference.  See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999).  For the reasons stated above, plaintiff's rights were not violated, because he was not falsely arrested.  Moreover, in any event, plaintiff does not allege that the purported constitutional violations in this case resulted from an official policy or custom.  Accordingly, plaintiff's claim against St. Tammany Parish is frivolous and fails to state a claim on which relief may be granted.

### James E. Talley

Plaintiff has also sued James E. Talley, the public defender in the 2004 proceedings.  The claim against Talley fails for at least two reasons.

First, for a § 1983 claim against Talley to be cognizable, he must have been acting under color of state law. See, e.g., Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989) ("A claim for relief under 42 U.S.C. § 1983 must contain two elements: 1) that [the plaintiff has] been deprived of a right secured by the Constitution or laws of the United States; and 2) that the defendant acted under color of state law."). However, it is clear that a public defender is not acting under color of state law when serving as defense counsel. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Therefore, plaintiff has failed to state a cognizable § 1983 claim against Talley.

Second, even if plaintiff had an otherwise cognizable claim against Talley, which he does not, the claim would nevertheless be prescribed. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492. With respect to this claim, plaintiff is complaining about events which occurred in 2004; however, he did not file suit until 2007.

### State of Louisiana

Plaintiff amended his complaint to add the State of Louisiana as a defendant. However, the Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> 
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted). Accordingly, the claim against the State of Louisiana is barred by sovereign immunity and should therefore be dismissed without prejudice. See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

### "Jane Doe"

Plaintiff also amended his complaint to add as a defendant "Jane Doe" of the St. Tammany Parish Clerk of Court's Office. At the Spears hearing, plaintiff testified that he originally believed that an employee the Clerk's Office failed to note in the court record that the first warrant in 2004 had been recalled. However, he further testified that he was mistaken on that point, because he subsequently obtained documentation showing that the recall order had been entered into the record. Further, when given the opportunity to attempt to state another claim against an employee of the Clerk's Office, plaintiff could not do so. Accordingly, to the extent that plaintiff is still asserting a claim against "Jane Doe," that claim should be dismissed because he has failed to state a claim on which relief may be granted.

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's motion for declaratory judgment, Rec. Doc. 4, be **DENIED**.

It is **FURTHER RECOMMENDED** that plaintiff's claim against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment.

It is **FURTHER RECOMMENDED** that plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twentieth day of July, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**